UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIO TEJADA,<br>Plaintiff,<br>-against-<br>DUTCHESS COUNTY JAIL, et al.<br>Defendants. | 1:26-CV-9215 (LTS)<br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff is currently held in the Dutchess County Justice and Transition Center and is proceeding *pro se*. By order dated October 22, 2026, the Court directed Plaintiff, within 30 days, to either pay the fees to bring this action or complete, sign, and submit a prisoner authorization. On November 9, 2026, the court received a letter from Plaintiff informing the court of his expectation of being released "very soon," and requesting an extension of time, specifically, "that the payments be postponed for only a couple of months until [he is] released." (ECF 5, 6.)

To bring a civil action in this court, a plaintiff must either pay $405.00 in fees, which consists of a $350.00 filing fee and a $55.00 administrative fee, or ask to proceed without prepaying fees by submitting a completed and signed application to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act ("PLRA") requires the court to collect the $350.00 filing fee in installments taken from the prisoner's facility trust fund account. *See* § 1915(b)(1), (2). Thus, a prisoner who wants to proceed without prepaying fees must also file a "prisoner authorization." This form directs the facility to deduct the $350.00 filing fee from the prisoner's facility trust fund account in installments. It also directs the facility to send the court certified copies of the prisoner's facility trust fund account statements for the past six months. *See* § 1915(a)(2).

Under the PLRA, when funds exist, the court assesses and collects an initial partial filing fee equal to 20 percent of the greater of (A) the average monthly deposits to the prisoner's facility trust fund account or (B) the average monthly balance in that account for the six months before the complaint was filed. § 1915(b)(1). After that, monthly payments of 20 percent of the preceding month's income credited to that account are to be made. § 1915(b)(2). The facility forwards these payments to the court each time the account balance exceeds $10.00, until the filing fee is paid in full. *Id.* The PLRA also provides, however, that "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." § 1915(b)(4). This means a lack of funds in Plaintiff's facility trust fund account will not, by itself, prevent this action from going forward. Even so, Plaintiff must still complete, sign, and submit a prisoner authorization. If Plaintiff presently has no funds in his facility trust fund account, the $350.00 filing fee will be collected from it in installments over time as funds become available. Plaintiff remains responsible for paying the full filing fee, even if the action is later dismissed.

Accordingly, the Court grants Plaintiff a 30-day extension of time to complete, sign, and submit the attached prisoner authorization form for this action, which should be labeled with docket number 1:26-CV-9215 (LTS). No summonses will issue at this time. If Plaintiff complies with this order, the Clerk's Office will process the case under its usual procedures. If Plaintiff does not comply within the time allowed, the Court will dismiss this action without prejudice.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: November 21, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge